# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| SCOTT MALCOLM and TIM McGOUGH, as Trustees of the Carpenters & Joiners Welfare Fund, Twin City Carpenters Pension Master Trust Fund, Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and Twin City Carpenters Vacation Fund; and each of their successors,<br><br>Plaintiffs,<br><br>v.<br><br>VERTICAL HORIZON, INC., VERTICAL HORIZON CONSTRUCTION LLC, and MICHAEL SHAWN LOWERY, a/k/a Shawn Lowery, individually,<br><br>Defendants. | Civil No. 05-2099 (JRT/FLN)<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

Pamela H. Nissen and Sean O. Skrypek, **MCGRANN SHEA ANDERSON CARNIVAL STRAUGHN & LAMB, CHARTERED**, 800 Nicollet Mall, Suite 2600, Minneapolis, MN 55402-7035, for plaintiffs.

V. John Ella, **JACKSON LEWIS LLP**, 150 South Fifth Street, Suite 1450, Minneapolis, MN 55402; Steven V. Rose, **MANSFIELD TANICK & COHEN, PA**, 220 South Sixth Street, Suite 1700, Minneapolis, MN 55402-4511, for defendants.

Plaintiffs are trustees and fiduciaries of several fringe benefit funds under the Employee Retirement Income Security Act. Plaintiffs allege that defendants Vertical Horizon, Inc., Vertical Horizon Construction LLC, and Michael Shawn Lowery failed to make certain fringe benefit contributions to the funds, and claim that defendants are liable

for the unpaid contributions, liquidated damages, interest, and attorneys' fees and costs. Defendants assert a counterclaim for an accounting.

This matter is before the Court on plaintiffs' motion for summary judgment. For the reasons explained below, the Court grants in part and denies in part plaintiffs' motion. Specifically, plaintiffs' motion is granted as to their claims for unpaid fringe benefit contributions and damages, but the motion is denied as to defendants' counterclaim for an accounting.

## BACKGROUND

Defendants Vertical Horizon, Inc. and Vertical Horizon Construction LLC (collectively "Vertical Horizon") were formerly in the business of providing window carpentry and specialized window abatement services for historic and environmentally sensitive window systems on large commercial construction projects in Minnesota. In March 2004, Vertical Horizon agreed to serve as a subcontractor to St. Cloud Windows on the so-called Sears / Midtown Exchange project. In July 2004, defendant Michael Shawn Lowery signed an agreement on behalf of Vertical Horizon, which bound the company to a collective bargaining agreement with the Carpenters Union. This agreement requires Vertical Horizon to make payments to the plaintiff trust funds for employee fringe benefits. In January 2005, Vertical Horizon commenced work on the Sears / Midtown Exchange project and began making payments pursuant to the agreement.

On August 4, 2005, the Wilson McShane Corporation, plaintiffs' plan administrator, initiated an audit of Vertical Horizon's employee benefit contributions to determine whether there were any delinquent contributions due. Plaintiffs requested that defendants produce the employment and payroll records for audit for the period of January 2005 through August 2005. At the audit, Paul Theirl, Wilson McShane's in-house auditor indicated to Vertical Horizon that his calculations showed that the company owed "around $20,000" for fringe benefit contributions. (Aff. of Michael Shawn Lowery ¶ 12.) At that meeting, Vertical Horizon paid the $20,000 to Theirl. Over the next month or so, plaintiffs submitted a total of five different invoices to defendants. Plaintiffs explain that they needed to revise the invoices to correct errors and reflect documents that defendants untimely filed with plaintiffs.

On August 22, 2005, St. Cloud Windows notified Vertical Horizon that it no longer intended to employ the company as a subcontractor. According to defendants, St. Cloud Windows was delinquent in its subcontractor payments to Vertical Horizon by an amount in excess of $100,000. Defendants also explain that St. Cloud Windows solicited and hired 3 of 10 employees of defendants. St. Cloud Windows then hired Shotley Construction to take over the subcontracting work previously performed by Vertical Horizon. Shotley Construction also solicited and hired employees of defendants.

Plaintiffs filed this lawsuit against defendants on September 9, 2005. Around the same time, plaintiffs and Wilson McShane began attempting to recover from St. Cloud Windows the fringe benefit contributions Vertical Horizon allegedly owed. Lowery, on

behalf of Vertical Horizon, attempted to get involved in the benefits discussions between plaintiffs and St. Cloud Windows.  According to Lowery, a representative from Wilson McShane told Lowery "not to worry about it" because he would obtain the benefit contribution payments from another source.  (Aff. of Michael Shawn Lowery ¶ 11.)

On September 14, 2005, the general manager for St. Cloud Windows wrote to Wilson McShane and asked for a recalculation of the benefits owed based on the Sears / Midtown Exchange project.  On September 26, 2005, Wilson McShane provided an updated calculation of the benefit contributions.  The correspondence provided, "Based on the information provided by you, we have revised the invoice for Vertical Horizon, Inc."  (Aff. of Michael Shawn Lowery, Ex. E.)  The following day, Wilson McShane executed a lien waiver with St. Cloud Windows.  It was executed by Theirl and provides,

> The undersigned hereby acknowledges receipt of the sum of $23,094.14 . . . [a]s full and final payment for all labor benefits furnished to the following described real property: Sears / Midtown Exchange under reported hours for benefits accrued by union carpenters working for Vertical Horizon, Inc. Account # 11415.

(Aff. of Michael Shawn Lowery, Ex. F.)  Plaintiffs credited defendants for the $23,094.14 payment made by St. Cloud Windows in addition to the $20,000 payment made by defendants in August 2005.  Plaintiffs assert that defendants owe $27,448.06 in unpaid fringe benefits and liquidated damages.

## ANALYSIS

I.   STANDARD OF REVIEW

Summary judgment is appropriate in the absence of any genuine issue of material fact and when the moving party can demonstrate that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from the facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

II.   UNPAID FRINGE BENEFIT CONTRIBUTIONS AND DAMAGES

In support of their motion for summary judgment, plaintiffs have submitted an affidavit from Theirl, as well as two supporting exhibits.  These documents reflect the audit conducted by Theirl in August 2005.  The results of the audit indicated that contributions and liquated damages for January 2005 through August 2005 in the amount of $27,448.06 were due to plaintiffs from defendants.  Defendants do not dispute that Lowery is personally liable to plaintiffs under the terms of the collective bargaining agreement.  In addition, defendants do not dispute that the terms of the agreement provide for payment to plaintiffs of interest and attorneys' fees and costs if there are unpaid funds by defendants.  However, defendants disagree that there are unpaid funds owed to

defendants. Defendants argue that the lien waiver that plaintiffs executed with St. Cloud Windows satisfies defendants' duty to pay plaintiffs. Defendants further argue that there are material factual disputes as to the amount owed to plaintiffs, if any.

Defendants argue that plaintiffs expressly waived their claims against defendants when they accepted the sum of $23,094.14 from St. Cloud Windows as "full and final payment" for "Sears / Midtown Exchange under reported hours for benefits accrued by union carpenters working for Vertical Horizon, Inc." (Aff. of Michael Shawn Lowery, Ex. F.) Plaintiffs have credited defendants $23,094.14 for the payment made by St. Cloud Windows. This credit is reflected in the payroll audit invoice that plaintiffs used to calculate the funds still owed by defendants. Contrary to defendants' argument, plaintiffs' acceptance of this payment does not waive plaintiffs' claims against defendant. Plaintiffs have submitted evidence in the form of a supplemental affidavit from Theirl that the audit amount due includes covered work involving defendants' contracts other than for the Sears / Midtown Exchange project.

Defendants next argue that there is a fact dispute as to the amount owed to plaintiffs. Plaintiffs through sworn testimony of Theirl set forth the amounts due and the manner in which the amounts were calculated. Plaintiffs also submitted an invoice detailing the amounts due. Defendants have submitted no evidence to indicate that they have not been credited for all money submitted as payment for fringe benefit contributions. Nor have defendants submitted documentation that the hours that plaintiffs characterize as under reported were actually non-union work that do not require payment.

Rather, in an attempt to create a genuine issue of material fact defendants point to the fact that the alleged amount owed changed several times since the audit of August 2005.

Citing the affidavit of Theirl, plaintiffs explain in detail why the amount owed was changed. The changes in the invoices were largely caused by defendants' untimely submissions of business records. In any event, the fact that the invoice was amended does not create a material issue of fact as to the amount owed. Once a motion for summary judgment is made and is supported as required in Federal Rule of Civil Procedure 56(c), the adverse party must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). Here, plaintiffs have supported their motion with ample evidence, and defendants have failed to point the Court to any evidence that could create a genuine issue for trial.[1]

Accordingly, the Court grants plaintiffs' motion for summary judgment on their claims for unpaid fringe benefit contributions and damages. Plaintiffs are entitled to a money judgment of $22,865.07 against defendants for unpaid fringe benefit contributions for the audit period of January 1, 2005 through August 30, 2005. Plaintiffs are also entitled to a money judgment in the amount of $4,582.99 against defendants for liquidated damages for the same period.

---

[1] Defendants also argue that plaintiffs are seeking from Shotley Construction unpaid benefit contributions allegedly owed for work performed by defendants' former employees in the month of August 2005. Even if true, the fact that plaintiffs are seeking these funds from other sources is not evidence that defendants are not liable for the unpaid benefit contributions. To create a genuine issue of material fact, defendants must offer evidence that they have not been properly credited for all money submitted as payment for fringe benefit contributions that they owe.

Under the terms of the collective bargaining agreement, defendants are also liable to plaintiffs for interest, and attorneys' fees and costs because of the unpaid funds. The Court has reviewed the evidence submitted in support of the awards for interest and attorneys' fees and costs. Defendants do not specifically dispute these awards, and the Court finds that the award for interest is amply supported and the award for attorneys' fees and costs is reasonable. Plaintiffs are therefore entitled to an award in the amount of $1,475.14 for the interest accrued, and are also entitled to an award in the amount of $9,628.45 for reasonable attorneys' fees and costs incurred.

### III.   DEFENDANTS' COUNTERCLAIM FOR ACCOUNTING

Plaintiffs also seek summary judgment on defendants' counterclaim for accounting. Defendants allege that plaintiffs have a contractual obligation to cooperate with defendants to determine the amount of contributions owing and to provide detailed documentation. This allegation is based on the Second Amended and Restated Agreement and Declaration of Trust of the Twin Cities Carpenters Pension Master Trust Fund (the "Agreement"), which provides, "The Union or the Employer may at any time demand of the Trustees an accounting with respect to any and all accounts, provided that the party demanding such accounting agrees to pay the necessary expenses thereof." (Aff. of V. John Ella, Ex. A.)

Plaintiffs characterize defendants' counterclaim as "an improper attempt to place a higher burden of proof on the Plaintiffs . . . ." (Pls.' Reply Mem. at 6.) The Court agrees that defendants' demand for an accounting cannot by itself create a genuine issue of

material fact on plaintiffs' claim for unpaid fringe benefits and damages. Nevertheless, defendants have offered evidence that plaintiffs have a contractual obligation under the Agreement to provide an accounting, and the Court can discern no principled basis for granting summary judgment for plaintiffs on the counterclaim. The Court therefore denies plaintiffs' motion for summary judgment as to the counterclaim. Plaintiffs must provide an accounting to defendants within 60 days of the date of this Order. No later than 60 days after plaintiffs provide the accounting, the parties should provide a joint report to the Court detailing what if anything remains to be resolved in this case.

Defendants emphasize that they need the accounting to show that the amount of unpaid fringe benefits alleged by plaintiffs is incorrect. The Court recognizes that there is an unusual interplay between plaintiffs' claims and defendants' counterclaim. Given these circumstances, the Court would consider granting defendants' leave to file a motion for reconsideration of this order if defendants later discover evidence sufficient to create a genuine issue of material fact on plaintiffs' claims for unpaid fringe benefit contributions and damages.

### ORDER

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that plaintiffs' motion for summary judgment [Docket No. 23] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Plaintiffs' motion for summary judgment is **GRANTED** on their claims for unpaid fringe benefit contributions and damages. The Clerk is directed to **ENTER**

**JUDGMENT** in favor of plaintiffs and against defendants in the amount of $38,551.65, consisting of $27,448.06 for delinquent fringe benefit contributions and liquidated damages, $1,475.14 for interest accrued, and $9,628.45 for reasonable attorneys' fees and costs incurred in the prosecution of this matter.

2. Plaintiffs' motion for summary judgment is **DENIED** on defendant's counterclaim for accounting. Plaintiffs must provide an accounting to defendants within 60 days of the date of this Order. No later than 60 days after plaintiffs provide the accounting, the parties shall provide a joint report to the Court detailing what if anything remains to be resolved in this case.

DATED:   May 24, 2007
at Minneapolis, Minnesota.

       s/ John R. Tunheim     _
JOHN R. TUNHEIM
United States District Judge